```
                               FILED
                         CLERK U.S. DISTRICT COURT

                              JUL 2 2 2010

                         CENTRAL DISTRICT OF CALIFORNIA
                         BY              DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES YI, and ) <br> JOHN BOSTICK, ) <br> ) <br> Defendants. ) | CR No. 10 - **CR10-0793** <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 371: Conspiracy to Violate the Clean Air Act; 42 U.S.C. § 7413(c)(1), 40 C.F.R. § 61.145(a): Failure to Inspect for Asbestos; 42 U.S.C. § 7413(c)(1), 40 C.F.R. § 61.145(b): Failure to Notify About Renovation Containing Asbestos; 42 U.S.C. § 7413(c)(1), 40 C.F.R. § 61.145(c)(8): Failure to Provide Properly Trained Person During Renovation Containing Asbestos; 42 U.S.C. § 7413(c)(1), 40 C.F.R. § 61.150(a): Failure to Properly Remove Asbestos; 42 U.S.C. § 7413(c)(1), 40 C.F.R. § 61.150(b): Failure to Properly Dispose of Asbestos Wastes; 18 U.S.C. § 2(b): Causing an Act to Be Done] |

The Grand Jury charges:

INTRODUCTION

1.  At all times relevant to this Indictment, the Forest Glen Condominiums were located at 20146 through 20259 Cohasset Street, Winnetka, California, 92036 (the "Forest Glen

BTG:btg

Condominiums"). The Forest Glen Condominiums were constructed originally as an apartment complex between 1971 and 1972 and were comprised of an 18-building, 204-unit complex that included one office building, a recreation center, several laundry rooms, and a maintenance shop.

2. In or about 2004, the Forest Glen Condominiums were purchased by Forest Glen Development Partners, LLC ("Forest Glen LLC"). Forest Glen LLC was a limited liability company located at 3731 Wilshire Blvd, Suite 855, in Los Angeles, California. Forest Glen LLC purchased the Forest Glen Condominiums when they were still apartment buildings. The purpose of the purchase was to renovate the apartment buildings, convert them to condominiums, and sell them for a profit.

3. At all times relevant to this Indictment, Forest Glen LLC was a wholly-owned subsidiary of Millennium-Pacific Icon Group, LLC, ("Millennium"), a limited liability real estate holding company, located in Los Angeles, California. Millennium and Forest Glen LLC shared office space.

4. At all times relevant to this Indictment, Avanti Contracting Company ("Avanti") was a closely-held company that oversaw construction projects for Millennium, and it shared office space with Millennium and Forest Glen LLC.

5. At all times relevant to this Indictment, defendant CHARLES YI was the Managing Partner for Millennium, and the Managing Member of Forest Glen LLC.

6. At all times relevant to this Indictment, defendant JOHN BOSTICK was Vice President of Land Development and

Construction of Millennium, and President and Chief Executive Officer of Avanti.

Federal and State Regulation of Asbestos

7. Asbestos is a group of minerals made up of microscopic bundles of fibers known to cause life-threatening illnesses. One of the most common types of asbestos is chrysotile asbestos. Congress has found that medical science has established no minimum level of exposure to asbestos fibers that is considered safe for human health. 20 U.S.C. § 3601(a)(3).

8. The purpose of the Clean Air Act is to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare. 42 U.S.C. § 7401(b)(1).

9. Asbestos is a hazardous air pollutant under the Clean Air Act. 42 U.S.C. § 7412(b)(1).

10. Pursuant to the Clean Air Act, the United States Environmental Protection Agency ("EPA") established work practice standards that must be followed to ensure the safe and proper handling, removal, and disposal of asbestos during renovation work. 42 U.S.C. § 7412(h); 40 Code of Federal Regulations ("C.F.R.") §§ 61.145, 61.150.

11. Friable asbestos means any material containing more than one percent (1%) asbestos as determined by polarized light microscopy that when dry can be crumbled, pulverized, or reduced to powder by hand pressure. 40 C.F.R. § 61.141.

12. Regulated asbestos-containing material ("RACM") means friable asbestos material or asbestos-containing material that can become friable from renovation activities. 40 C.F.R. § 61.141.

13. Applicable asbestos work practice standards apply to an owner or operator of a renovation operation where the renovated facility contains RACM on at least 15 square meters (160 square feet) on facility components other than piping. 40 C.F.R. § 61.145(a)(4).

14. An "owner or operator of a renovation activity" means any person who owns, leases, operates, controls, or supervises the facility being renovated, or any person who operates, controls, or supervises the renovation operation, or both. 40 C.F.R. § 61.141.

15. The term "renovation" means altering a facility or one or more facility components in any way, including the stripping or removal of RACM from a facility component. 40 C.F.R. § 61.141.

16. The term "facility" means any residential structure, installation, or building, including condominiums or cooperatives with more than four units. 40 C.F.R. § 61.141.

17. The term "facility components" means any part of a facility, including equipment. 40 C.F.R. § 61.141.

18. The owner or operator of a renovation activity must cause the affected facility to be thoroughly inspected for the presence of asbestos prior to the commencement of any renovation activity. 40 C.F.R. § 61.145(a).

19. The asbestos "work practice standards" require, among other things, that:

    a. The owner or operator of a renovation activity involving RACM provide the EPA Administrator with written notification of intention to renovate the specified facility. 40

C.F.R. § 61.145(b).

      b.    The owner or operator must have a foreman, management-level person, or other on-site representative trained in compliance with the asbestos regulations present during the renovation project. 40 C.F.R. § 61.145(c)(8).

      c.    RACM that has been removed or stripped be adequately wet and remain wet until contained in leak-tight containers bearing approved warning labels until they are collected for proper disposal. 40 C.F.R. § 61.150(a)(1).

      d.    RACM be disposed of at EPA-approved disposal sites. 40 C.F.R. § 61.150(b).

18. Each state is permitted to develop a program for the implementation and enforcement of the Clean Air Act's emission standards and other requirements of 42 U.S.C. § 7412 and submit the program to EPA for approval. A program submitted by a state may provide for partial or complete delegation of EPA's authority to implement and enforce the Clean Air Act's emission standards and prevention requirements, but shall not include authority to set standards less stringent than those promulgated by EPA. 42 U.S.C. § 7412(l)(1). The development of a program by a state does not prohibit the federal government from enforcing any applicable federal emission standard or requirement. 42 U.S.C. § 7412(l)(7).

19. In the Los Angeles, California area, including Winnetka, California, the authority to implement and enforce the Clean Air Act's asbestos work place standards was delegated to the South Coast Air Quality Management District ("SCAQMD"). 62 Fed. Reg. 19679, 19681 (April 23, 1997).

20. These Introductory Allegations are hereby re-alleged and incorporated by reference into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

A. THE OBJECT OF THE CONSPIRACY

Beginning on or about a date unknown to the grand jury, through in or about February 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., and others both known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to conduct an illegal asbestos abatement, in violation of the Clean Air Act's asbestos work practice standards, 42 U.S.C. §§ 7412(b) and (h), and 7413(c)(1).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be carried out, in substance, as follows:

1. Defendants CHARLES YI and JOHN BOSTICK would ignore prior asbestos tests performed on multiple ceilings of the Forest Glen Condominiums that showed the presence of asbestos, in order to avoid the expense and requirements of having a proper asbestos abatement performed.

2. Defendants CHARLES YI and JOHN BOSTICK would ignore their prior experience regarding the need to have a proper asbestos survey involving multiple samples completed before causing work to be performed on the asbestos-containing ceilings of the Forest Glen Condominiums.

3. Defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., would agree to hire, and cause the hiring of, workers, who were not licensed or trained to remove asbestos, to

remove the asbestos-containing ceilings at the Forest Glen Condominiums.

4. Defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., would fail to inform the workers who were removing the asbestos-containing ceilings at the Forest Glen Condominiums that those ceilings contained asbestos.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish its object, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., together with co-conspirators known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

1. In or about January 2006, defendants CHARLES YI and JOHN BOSTICK decided to use workers who were not licensed or trained asbestos abatement contractors to scrape the asbestos-containing ceilings at the Forest Glen Condominiums.

2. In or about January 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., agreed to hire "R.H.P." Construction Company ("R.H.P. Construction"), which was not certified to conduct asbestos abatements, to scrape the asbestos-containing ceilings at the Forest Glen Condominiums.

3. On or about January 16, 2006, co-conspirator J.Y. signed a contract with R.H.P. Construction to scrape some of the asbestos-containing ceilings at the Forest Glen Condominiums.

4. On or about January 16, 2006, co-conspirator J.Y. signed a check to R.H.P. Construction as an initial payment to

scrape some of the asbestos-containing ceilings at the Forest Glen Condominiums.

5. In or about January 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., failed to have the Forest Glen Condominiums thoroughly inspected for the presence of asbestos prior to renovating.

6. In or about January 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., failed to have EPA and SCAQMD notified prior to renovating the Forest Glen Condominiums.

7. Beginning in or about January 2006 and continuing to on or about February 9, 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., failed to have someone trained in the Clean Air Act's asbestos work practice standards present during the renovation of the Forest Glen Condominiums.

8. Beginning in or about January 2006 and continuing to on or about February 9, 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., failed to have the asbestos-containing material kept wet after it was removed from the ceilings at the Forest Glen Condominiums.

9. Beginning in or about January 2006 and continuing to on or about February 9, 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., failed to have the asbestos-containing material disposed of at a facility approved for the disposal of asbestos wastes.

//
//

10. Between in or about January 2006 and continuing to on or about February 9, 2006, defendants CHARLES YI and JOHN BOSTICK, and co-conspirator J.Y., caused R.H.P. Construction's workers to scrape the asbestos-containing material from the ceilings of numerous units at the Forest Glen Condominiums without sufficient protection against asbestos exposure.

```
 1                          COUNT TWO
 2  [42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b); 40 C.F.R. § 61.145(a)]
 3       In or about January 2006, in Los Angeles County, within the
 4  Central District of California, defendants CHARLES YI and JOHN
 5  BOSTICK, who were the owners, operators, and supervisors of the
 6  Forest Glen Condominiums, a facility being renovated, and at
 7  which a renovation activity was occurring, did knowingly fail,
 8  and cause the failure, to thoroughly inspect the Forest Glen
 9  Condominiums for the presence of asbestos prior to commencing the
10  renovation activity.
```

# COUNT TWO

[42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b); 40 C.F.R. § 61.145(a)]

In or about January 2006, in Los Angeles County, within the Central District of California, defendants CHARLES YI and JOHN BOSTICK, who were the owners, operators, and supervisors of the Forest Glen Condominiums, a facility being renovated, and at which a renovation activity was occurring, did knowingly fail, and cause the failure, to thoroughly inspect the Forest Glen Condominiums for the presence of asbestos prior to commencing the renovation activity.

COUNT THREE

[42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b); 40 C.F.R. § 61.145(b)]

In or about January 2006, in the Central District of California, defendants CHARLES YI and JOHN BOSTICK, who were the owners, operators, and supervisors of the Forest Glen Condominiums, which contained RACM on at least 15 square meters (160 square feet) on facility components other than piping, and which was a facility being renovated, and at which a renovation activity was occurring, did knowingly fail to notify EPA and SCAQMD prior to renovating the Forest Glen Condominiums.

COUNT FOUR

[42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b);

40 C.F.R. § 61.145(c)(8)]

From on or about January 16, 2006, though on or about February 9, 2006, in the Central District of California, defendants CHARLES YI and JOHN BOSTICK, who were the owners, operators, and supervisors of the Forest Glen Condominiums, which contained RACM on at least 15 square meters (160 square feet) on facility components other than piping, and which was a facility being renovated, and at which a renovation activity was occurring, did knowingly fail, and cause the failure, to provide an individual trained in the Clean Air Act's asbestos workplace standards to be present during the renovation of the Forest Glen Condominiums.

COUNT FIVE

[42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b);

40 C.F.R. § 61.150(a)(1)]

From on or about January 16, 2006, though on or about February 9, 2006, in the Central District of California, defendants CHARLES YI and JOHN BOSTICK, who were the owners, operators, and supervisors of the Forest Glen Condominiums, which contained RACM on at least 15 square meters (160 square feet) on facility components other than piping, and which was a facility being renovated, and at which a renovation activity was occurring, did knowingly fail, and cause the failure, to ensure that the RACM remained wet until properly collected and contained in leak-tight containers bearing approved warning labels for disposal.

COUNT SIX

[42 U.S.C. § 7413(c)(1); 18 U.S.C. § 2(b); 40 C.F.R. § 61.150(b)]

From on or about January 16, 2006, though on or about February 9, 2006, in the Central District of California, defendants CHARLES YI and JOHN BOSTICK, who were the owners, operators, and supervisors of the Forest Glen Condominiums, which contained RACM on at least 15 square meters (160 square feet) on facility components other than piping, and which was a facility being renovated, and at which a renovation activity was occurring, did knowingly fail, and cause the failure, to dispose of RACM at a disposal site approved for the disposal of asbestos wastes.

A TRUE BILL

/S/
_____
Foreperson

ANDRE BIROTTE, JR.
United States Attorney

*[signature]*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

JOSEPH A. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

BAYRON GILCHRIST
Assistant United States Attorney
Environmental Crimes Section

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environmental and National Resources Division

DAVID P. KEHOE
Senior Trial Attorney
United States Department of Justice
Environmental Crimes Section